# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RANSOM CODY CARR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17−cv−0208−JPG** |
| | ) | |
| **VIPIN SHAH,** | ) | |
| **WEXFORD HEALTHCARE SOURCES,** | ) | |
| **and** | ) | |
| **PHIL MARTIN.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ransom Cody Carr, an inmate in Vienna Correctional Center, brings this action

for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that occurred

at Robinson Correctional Center.  Plaintiff seeks monetary damages.  This case is now before the

Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any
> event, as soon as practicable after docketing, a complaint in a civil action in which a
> prisoner seeks redress from a governmental entity or officer or employee of a
> governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the complaint, if the
> complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which
> > relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune
> > from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Complaint

While incarcerated at the McLean County Jail, another inmate assaulted Plaintiff on July 6, 2016, causing an ACL tear. (Doc. 1, p. 10). Plaintiff saw a Dr. Armstrong, who ordered an MRI and told Plaintiff he needed surgery. *Id.* However, the health care administrator at McLean told Plaintiff that the Illinois Department of Corrections would order the surgery, and that Plaintiff would have to wait until he was in their custody. *Id.* Plaintiff was placed at Robinson Correctional Center around August or September 2016. *Id.*

After entering Robinson, Plaintiff submitted several requests for health care. *Id.* He met with Dr. Shah, who told Plaintiff he wanted to order x-rays. *Id.* Shah also told Plaintiff that his knee was an old injury that would heal on its own, and that no surgery would be ordered. *Id*. Plaintiff alleges that Shah disregarded his prior MRI in favor of an x-ray, which does not show ligament damage. *Id.* Plaintiff further alleges that the preference for x-rays over MRIs is part of a deliberate policy choice of Wexford Health Sources to save money. *Id*

Plaintiff has alleged that he filed a grievance on the relevant conduct and has attached a grievance as an exhibit. Plaintiff filed his grievance on December 2, 2016. (Doc. 1-1, p. 1). His counselor responded on December 14, 2016. *Id.* Plaintiff then appealed to the grievance officer on December 27, 2016, who responded on December 28, 2016. (Doc. 1-1, p. 3). The warden signed off on the disposition of the grievance on January 9, 2017. *Id.* While the grievance Plaintiff submitted as an exhibit is blank in the section that affirms the inmate's intention to appeal to the Administrative Review Board ("ARB"), *Id.*, Plaintiff alleges that he has done so, which the Court accepts as true. (Doc. 1, p. 5). Plaintiff affirmatively stated that he received no result after sending the grievance to the ARB. *Id.* Plaintiff signed his Complaint on February 23, 2017. (Doc. 1, p. 12).

## Discussion

While Plaintiff's Complaint may contain a viable deliberate indifference claim in violation of the Eighth Amendment, the Court will not address the merits of the case at this time because it is clear from the face of the Complaint that Plaintiff did not exhaust his administrative remedies prior to filing suit. The Seventh Circuit has been clear that the proper step in that situation is to dismiss the case without prejudice, even if a plaintiff exhausts his remedies while the suit is pending. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The purpose of this requirement is to "keep the courthouse door closed" while the administrative process runs its course in order not to undercut the administrative process. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Failure to exhaust is an affirmative defense, and while typically the issue is one for defendants to raise, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the complaint that the defense applies. *Walker v.*

*Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002); *see also Franklin v. McCaughtry*, 110 F. App'x 715, 718 (7th Cir. 2004). The defense must be both apparent and unmistakable. *Walker*, 288 F.3d at 1010.

A prisoner is required to exhaust his remedies prior to filing suit. 42 U.S.C. § 1997e(a). The exhaustion requirement is dependent upon the procedures established by the State in which the prison is located. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Unexhausted claims may not be brought to court, *Id.* at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)), and "unless a prisoner completes the administrative process by following the rules the State has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Inmates confined in the IDOC must adhere to the Department's Grievance Procedures for Offenders in order to properly exhaust claims; anything less is a failure to exhaust. 20 Ill. Adm. Code § 504.810. Prisoners must first speak with their counselor about the issues they raise, and if the dispute is not resolved, a formal grievance must be filed within 60 days of the events or occurrence with the grievance officer. 20 Ill. Adm. Code § 504.810(a). The grievance officer must then review the grievance and report findings and recommendations to the Chief Administrative Officer ("CAO"). 20 Ill. Adm. Code § 504.830(d). The prisoner then has the opportunity to review the CAO's response, and if unsatisfied, may appeal to the Director through the ARB within 30 days of the Warden's response. 20 Ill. Adm. Code § 504.830(d); 20 Ill. Adm. Code § 504.850. The ARB is then required to provide a written report to the Director of its recommendation on the grievance and the Director "shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months

after receipt of the appealed grievance, where reasonably feasible under the circumstances." 20 Ill. Admin. Code § 504.850(e), (f).

Although Plaintiff did not affirmatively list the day he appealed the CAO's determination, the earliest he could have sent it to the ARB is January 10, 2017, a day after the Warden signed it. While prisoners may be excused from the grievance requirement where the grievance process is unavailable, *Dole v. Chandler*, 438 F.3d 804, 811-12 (7th Cir. 2006), it appears that Plaintiff waited only 6 weeks after the earliest possible date he could have sent the grievance to the ARB before filing his lawsuit. The Administrative Code gives the ARB 6 months to respond. This District has occasionally concluded that a prisoner was justified in believing that the grievance process was unavailable when the ARB has taken more than 6 months to reply, but that is not the case here. *See Woods v. Forehand*, No. 13-cv-1130-NJR-DGW, 2015 WL 1188326 at *6 (S.D. Ill March 12, 2015) (collecting cases). Plaintiff was not left in the dark months after the time for the ARB to respond had lapsed; he waited a mere 6 weeks. *See Toney v. Briley*, 813 N.E. 2d 758, 759 (Ill. App. Ct. 2004) (holding prisoner failed to exhaust when he filed suit less than 1 month after the 6-month deadline had past where the ARB had requested a polygraph).

There are also no circumstances present in this case suggesting that Plaintiff's situation compelled a shorter response time. Plaintiff has not alleged that his grievance was an emergency and the exhibit he submitted is not marked as an emergency. *See Boyce v. Illinois Department of Corrections*, 661 F. App'x 441, 442-43 (7th Cir. 2016) (finding dismissal on threshold screening was inappropriate where the ARB had rejected the plaintiff's emergency grievances because the rejection of an emergency grievance may be sufficient to exhaust). There is also no indication that Plaintiff's situation is actually an emergency. Plaintiff had already waited a couple of

months for treatment by the time he arrived at Robinson because the county jail declined to take action and his grievance alleges that he spent 1 month at Stateville prior to Robinson. The Court also notes that Plaintiff has not requested injunctive relief in this case and does not appear to be entitled to it because he has transferred prisons and the individual defendants are no longer responsible for his care.

The Court finds that Plaintiff waiting only 6 weeks of the 6 month response period to file his grievance with the ARB is unreasonable. Because Plaintiff has not alleged that his grievance was an emergency or that the situation itself actually presents an emergency, the Court will dismiss this case for failure to exhaust prior to filing suit. When Plaintiff completes the grievance process, i.e. receives a response from the ARB, he may file a new suit raising these issues. *Ford*, 362 F.3d at 401.

### Pending Motions

As this case will be dismissed without prejudice for failure to exhaust administrative remedies, Plaintiff's pending motions will be denied as moot. (Doc. 3) (Doc. 4). Should Plaintiff exhaust his remedies and file a new suit, he may bring his motions again.

### Disposition

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for failure to exhaust administrative remedies. This case shall be closed and judgment entered. Should Plaintiff exhaust his remedies, he may file a new suit raising these issues. Plaintiff's pending motions are **DENIED** as **MOOT**. (Doc. 3) (Doc. 4).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.

*See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment.

**IT IS SO ORDERED.**

**DATED: June 6, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**
