IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANSOM CODY CARR, )
 )
      Plaintiff, )
 )
vs. ) Case No. 17−cv−0208−JPG
 )
VIPIN SHAH, )
WEXFORD HEALTHCARE SOURCES, )
and )
PHIL MARTIN. )
 )
 )
      Defendants. )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Ransom Cody Carr, an inmate in Vienna Correctional Center, originally filed suit on February 27, 2017. (Doc. 1). His case was dismissed on threshold review on June 6, 2017 for failure to exhaust administrative remedies. (Doc. 9). This case is now before the Court once more on Plaintiff's Motion for Reconsideration. (Doc. 11).

**The Motion**

Plaintiff titled his Motion "Plaintiff's Motion in opposition to motion to dismiss for failure to exhaust administrative remedies." (Doc. 11). Plaintiff is incorrect; there is not a pending motion to dismiss, rather the Court already entered an order dismissing this case. The Court will therefore analyze the present motion pursuant to the standards articulated in Fed. R. Civ. P. 59(e) and 60(b).

In its prior Order, the Court dismissed this case because it concluded that Plaintiff had filed suit before the Administrative Review Board ("ARB") had finished reviewing his grievance

1

regarding the underlying issue. (Doc. 9). The Court concluded so because Plaintiff affirmatively stated that he had received no response to his grievance and because it was apparent from Plaintiff's exhibits that he had waited only 6 weeks after sending the grievance prior to filing suit, despite the fact that the relevant regulations give the ARB 6 months to respond. (Doc. 9).

Plaintiff's motion first explains that he intended to file a motion for a preliminary injunction in this case once it had passed threshold review. (Doc. 11, pp. 1-2). In support of this contention, Plaintiff attached a copy of a motion for injunctive relief that had previously been denied by the Central District of Illinois in Case No. 16-cv-1469-JES. (Doc. 11, pp. 6-15). Plaintiff also states that he exhausted his administrative remedies. (Doc. 11, p. 2). As proof, he submits the response he received from the ARB. (Doc. 11, p. 16). That response notes that the ARB received Plaintiff's grievance on January 24, 2017. *Id.* The response is dated May 17, 2017. *Id.* Plaintiff alleges he waited 60 days after sending his grievance to the ARB before filing suit, and that he has done everything he can to seek relief for his injury. (Doc. 11, p. 2). Plaintiff requests that he be allowed to proceed in this case instead of filing a new suit. (Doc. 11, pp. 2-3).

## Discussion

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. However, the Seventh Circuit has approved of district courts construing motions pursuant to the standards in Rule 59(e) or Rule 60(b) if it appears a party is requesting relief available under those rules. *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992) ("Though [Deutsch] fails to cite any rule as the basis for his motion, the fact that it challenges the merits of the district court's decision means that it must fall under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.").

Rule 59(e) provides a basis for relief where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989)(concluding that Rule 59(e) was intended to apply to the reconsideration of matters encompassed within the merits of a judgment); *McKinney v. United States*, 2008 WL 2557470 at *2 (S.D. Ill. June 24, 2008). Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(internal citations omitted).

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). However, in contrast to Rule 59(e), legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

A motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion

filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions- no longer applies")).

Here Plaintiff has filed his Motion within 28 days of the Court's order dismissing his case. He has also submitted new evidence to the Court, namely, a copy of his previously-denied request for a preliminary injunction in the Central District and the response to his grievances from the ARB. The Court will therefore employ the more-lenient standard in Rule 59(e). The Court will also consider Plaintiff's newly-submitted evidence.

Unfortunately for Plaintiff, his evidence fails to establish that the Court's prior Order misapplied the law to the facts. Instead, it confirms that Plaintiff failed to exhaust his remedies prior to filing suit. This case was filed on February 27, 2017, and the Complaint is signed February 23, 2017. (Doc. 1). Plaintiff submitted a response from the ARB dated May 17, 2017. While the Response shows that Plaintiff exhausted his administrative remedies, they did not become exhausted until May 17, 2017, nearly 3 months after he filed suit. This means the suit must be dismissed, although as the Court has previously noted, Plaintiff may refile it and proceed to the merits of his claim. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). Plaintiff appears to be arguing that he assumed that when he sent his grievance to the ARB, he had in fact exhausted his remedies because that was the last step he personally had to take and there was nothing more he could do. But interpreting the exhaustion requirement this way would subvert the clear command to "keep the courthouse door closed" until the

administrative remedies process has run its course. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff was required to wait a reasonable, though not indefinite, amount of time for the ARB's response, which had the potential to resolve his issue.

Plaintiff's allegation that he intended to file a preliminary injunction also fails to help him. First of all, intent means nothing. The Court is not required to anticipate what litigants might do. Second, the Court considered the lack of a request for a preliminary injunction only for the narrow purpose of analyzing whether Plaintiff's case presented claims that suggested he was in danger of imminent harm, such that anything less than an immediate response to his grievance would make the process unavailable. *Fletcher v. Menard Correctional Center*, 623 F.3d 1171, 1174 (7th Cir. 2010) ("If it takes two weeks to exhaust a complaint that the complainant is in danger of being killed tomorrow, there is no 'possibility of some relief' and so nothing for the prisoner to exhaust."). The fact that Plaintiff has alleged that he intended to wait to file a preliminary injunction is consistent with the Court's prior conclusion that his claims are not such extreme emergencies so as to render the exhaustion process unavailable. The Court notes that it did not intend to rule on the question of injunction relief, and expresses no opinion on the chances of success or failure of such a motion, should Plaintiff re-file this case, other than to note that if Plaintiff is seeking some change in his medical care, the proper object of injunctive relief would be the officer responsible for his care currently, not past providers.

The Court finds that Plaintiff's evidence and arguments do not suggest that the Court misapplied the law to the facts in this case. The Court has also considered the matter and found no other grounds for relief. Accordingly, Plaintiff's Motion is **DENIED**. (Doc. 11).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**. (Doc. 11). The case remains dismissed without prejudice, and Plaintiff may re-file his claims in a new suit now that he has properly exhausted them.

If Plaintiff wishes to appeal the dismissal of his case, his notice of appeal must be filed with this court within thirty days of the entry of this order. FED. R. APP. P. 4(a)(1)(A); *York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur "strike." 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: June 28, 2017**

                                              *s/J. Phil Gilbert*
                                              **U.S. District Judge**